CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 27 2013

THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BENJAMIN SHANE FOSTER,<br>　　Petitioner, | Civil Action No. 7:13-cv-00596 |
| v. | MEMORANDUM OPINION<br>AND ORDER |
| CHRISTOPHER ZYCH,<br>　　Respondent. | By: Samuel G. Wilson<br>United States District Judge |

Petitioner, Benjamin Shane Foster, brought this habeas corpus petition *pro se* under 28 U.S.C. § 2241, against respondent, Christopher Zych, warden at the United States Penitentiary in Lee County ("USP Lee County"). Foster claims the Federal Bureau of Prisons ("BOP") failed to account for time he served prior to BOP custody in the Alabama prison system. Foster filed this § 2241 petition in the United States District Court for the Middle District of Alabama while he was incarcerated at USP Lee County, which is located within the Western District of Virginia. On December 19, 2013, the District Court for the Middle District of Alabama transferred Foster's petition to this court based on his confinement at USP Lee County. While Foster's petition was pending, BOP transferred him to Federal Correctional Institution, Herlong, which is located in the Eastern District of California. Foster has requested that this court transfer his case to the Eastern District of California.

A federal prisoner may challenge the manner of execution of his sentence by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989) ("A claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself."). Ordinarily § 2241 requires that a petitioner seek relief in the district court of the district where his custodian is located. Rumsfeld v. Padilla, 542

U.S. 426, 442 (2004) (interpreting § 2241 to require "nothing more than that the court issuing the writ have jurisdiction over the custodian"). However, the Fourth Circuit has stated that "[j]urisdiction is determined at the time an action is filed; subsequent transfers of prisoners outside the jurisdiction in which they filed actions does not defeat personal jurisdiction." United States v. Edwards, 27 F.3d 564 (4th Cir. 1994) (per curiam) (citing Francis v. Rison, 894 F.2d 353, 354 (9th Cir. 1990)); see also Chaney v. O'Brien, No. 7:07-00121, 2007 WL 1189641 at *1 (W. D. Va. 2007) (finding jurisdiction over § 2241 petitioner is determined at the time of filing, and not divested by his subsequent transfer to Illinois).

Accordingly, the court finds that Foster's subsequent transfer to California does not divest this court of jurisdiction to address the § 2241 petition that he filed against the warden of USP Lee County and while incarcerated within the Western District of Virginia. It is therefore **ORDERED** and **ADJUDGED** that petitioner's request to transfer his case is **DENIED**.

**ENTER**: This 27th day of December 2013.

UNITED STATES DISTRICT JUDGE